UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SANDRA HANK,

    Plaintiff,

vs.

SKECHERS U.S.A, Inc., et al.,

    Defendants.

Case No. 1:12-cv-217

Beckwith, J.
Bowman, M.J.

### ORDER

On September 10, 2012, after failing to timely effect service as required under Rule 4 of the Federal Rules of Civil Procedure, Plaintiff was Ordered to Show Cause why this matter should not be dismissed for failure of service. (Doc. 2). In response to the Court's Show Cause Order, Plaintiff filed an amended complaint and also requested a thirty day extension of time in which to issue a formal Summons and complete service. (Docs. 3, 4). Plaintiff also seeks an Order from the Court awarding costs and expenses associated with issuing and completing service of process pursuant to Fed. R. Civ. P. 4(d)(2).

Plaintiff alleges personal injuries as a result of Skechers Shape-Ups toning shoes. On December 19, 2011, the Joint Panel on Multidistrict Litigation transferred all Skechers Shape-up personal injury cases to Judge Thomas Russell in the Western District of Kentucky. On May 3, 2012, Judge Russell entered Practice and Procedure Order No. 2 allowing direct filing and establishing an agreed upon service protocol. (Doc. 4, Ex. A). Additionally, Defendants have agreed to include Plaintiffs' case in

1

mediation with Magistrate Judge Gregory Wehrman in October 2012.

In light of the foregoing, the undersigned finds the pending Show Cause Order is **SATISFIED**. Plaintiff is herein granted an additional thirty days in which to issue formal summons and complete service.[1]

**IT IS SO ORDERED**.

    s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[1] On July 13, 2012, Plaintiff served Defendants with a Request to Waive Service of Summons and the appropriate documents as required by Fed. R. Civ. P. Rule 4. (Doc. 4, Ex. B). However, it appears that Defendants have not yet responded to Plaintiff's request and/or agreed to waive service. Accordingly, Plaintiff's request for costs will be held in abeyance to allow Defendants to respond to the waiver request; and in light of the parties pending mediation.